NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3630
_____

DAVID HOLT, II,
          Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; STEVEN JOHNSON, CAPT.;
KRISTAL TURNER-CHILDS, SGT.; PENNSYLVANIA STATE POLICE;
LT. GERALD BRAHL, PA. State Police Department; CAPT. KATHY JO
WINTERBOTTOM, PA. State Police Department

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5-10-cv-05510
Magistrate Judge: The Honorable David R. Strawbridge

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2019

Before: SMITH, *Chief Judge*, CHAGARES, and GREENAWAY, JR.,
*Circuit Judges*

(Filed: July 10. 2019)

_____

OPINION[*]

_____

SMITH, *Chief Judge.*

Pennsylvania State Police Sergeant David Holt II filed suit against the Commonwealth of Pennsylvania and four of his superiors. Holt alleged multiple instances of race discrimination and retaliation in violation of Title VII and the Pennsylvania Human Relations Act, and contrary to the guarantees of the Equal Protection Clause and the First Amendment. A jury returned a partial verdict, thereby necessitating a second trial. Holt prevailed on several of his claims, receiving an award of $1.9 million. The Pennsylvania State Police (PSP) successfully moved for judgment as a matter of law on all but one of the claims. In addition to granting judgment as a matter of law on the Title VII retaliation claim based on the conduct of Holt's superior, Captain Steven Johnson, the District Court remitted the jury's award of $250,000 to $50,000.

Holt appealed and succeeded in having the verdict in his favor on the Johnson retaliation claim reinstated, subject to the remittitur, which had not been appealed. *See Holt v. Commonwealth of Pa.*, 683 F. App'x 151, 160 (3d Cir. 2017). On

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

remand, Holt elected to have a new trial on damages instead of accepting the remittitur for Captain Johnson's retaliation. The jury awarded Holt only $2,700. The District Court denied Holt's motion for a new trial. This timely appeal followed,[1] with Holt asserting that the District Court committed numerous errors.[2] We are not persuaded.

## I.

Holt purportedly raises two issues on appeal. First, he contends that the District Court abused its discretion by scheduling a damages trial and then denying his motion for a new trial "when the remand was not for a trial but to reinstate a prior verdict and the remittitur." Holt's Br. at 1. Second, Holt asserts that the District Court compounded its error by not entering the $50,000 remittitur and then abusing its discretion by:

1. scheduling a new trial and not entering the remittitur as the remand required[3];
2. permitting the PSP to present a "new affirmative defense," *id.* at 8;
3. conflating liability with damages;
4. failing to recognize "retaliation by an employer['s] extensive post charge investigation of Sgt. Holt," *id.* at 9;

---

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] During Holt's first appeal, this Court "struggled mightily . . . to understand which issues Holt has raised on appeal, even after holding oral argument and requesting two additional letters from the parties." *Holt v. Commonwealth of Pa.*, 683 F. App'x 151, 153 (3d Cir. 2017). Holt is no more coherent in this appeal.

[3] Although Holt raised this claim as the first of the two issues presented in this appeal, he also specifically set it out as the first of the District Court's many abuses of discretion.

3

5. failing "to perform the Moody duty or ensure the damage trial jury performs its Moody duty," *id.*[4]*;*
6. failing to cure a confusing jury instruction and verdict;
7. denying a cat's paw instruction;
8. denying Holt's post-trial motion for a new damages trial;
9. failing "to excuse a juror that came forward and disclosed investigating the case before trial and jury selection," *id.*; and
10. failing "to determine whether the remaining jurors were contaminated by the juror that investigated the case before the trial commenced," *id.*

Although not included in Holt's list, he also asserts at least four times in his brief that the verdict is against the weight of the evidence. *Id.* at 2, 7, 22, 23. We distill Holt's issues into four categories and address them below: waived or forfeited issues; the admissibility of evidence of a "new affirmative defense"; the propriety of the jury instructions; and whether the verdict was against the weight of the evidence.

II.

We begin with Holt's contention that the District Court erred in scheduling a new trial and not entering the remittitur, which he contends he accepted by "fil[ing] a notice with the court." *See* Holt's Br. at 22; *see also id.* at 3-4 & n.2, 8. The record belies Holt's assertion. Faced with the opportunity to accept the remittitur upon remand, Holt filed a notice rejecting the remittitur and electing to have a new damages trial. JA90. Contrary to Holt's assertion, District Court document 204 does not support Holt's contention that he accepted the remittitur. That document is

---

[4] The "Moody duty" is apparently derived from *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418-19 (1975). *See* Holt's Br. at 13 (citing *Moody*).

4

an acceptance by Holt of a remittitur of a jury award on a claim of discrimination against another defendant, Kathy Jo Winterbottom. *See* Pl.'s Notice of Acceptance of Remittitur, *Holt v. Commonwealth of Pa.*, No. 10-5510 (E.D. Pa. Sept. 9, 2015), ECF No. 204. Indeed, Holt conceded as much in his motion for a new trial, where he stated that he "elected a new damage trial and not the remittitur amount." JA103. Thus, the District Court did not ignore Holt's acceptance of a remittitur on the retaliation claim based on Captain Johnson's conduct. Because Holt expressly opted for a new trial on damages and did not assert in his post-trial motion any error by the trial court in scheduling the proceeding, the issue is waived. *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal."); *see also Newark Morning Ledger Co. v. United States*, 539 F.2d 929, 932 (3d Cir. 1976).

Because Holt did not raise in his post-trial motion issues 1, 4, 5, 9, and 10 set forth above, and because we see no reference in the District Court's memorandum to them, we conclude that those issues are also waived.[5] *See Harris*, 35 F.3d at 845.

---

[5] Although issues 9 and 10 are waived, we nonetheless address Holt's bald accusation of juror misconduct. Unfortunately, Holt does not provide a citation to the record. Instead, he speculates in his opening brief:

> One can *never know* if there was influence by one Juror that conducted a pre-trial investigation about the case and told the other jurors about the prior 1.9 million jury award to Holt, and the Jury thought Holt was

Holt's contention in issue 7 that the District Court erred by failing to include a cat's paw instruction at trial is not waived, but it was forfeited because he failed to make a timely request for the instruction or to object to the final charge.[6] *See* Pl.'s Proposed Jury Instructions, *Holt v. Commonwealth of Pa.*, No. 10-5510 (E.D. Pa. July 31, 2017), ECF No. 224.

In his post-trial motion, Holt did assert that the District Court erred in failing to include a cat's paw instruction. JA106-07. The District Court rejected this contention of error, noting that Holt had not made a request, had failed to brief the issue, and that the instruction applies to liability, not damages, and was therefore not warranted in a trial limited to damages. We conclude that the District Court did not err.

III.

---

made whole for all but out of pocket costs. This explanation is equally appealing as the PSP's explanation for a $2,700 jury verdict.

Holt's Br. at 22 (emphasis added). Nor does the PSP shed light on this assertion as it simply submits that the issue is waived, failing to indicate whether there is any substance to this allegation. Our review of the record failed to reveal any support for this contention. Accordingly, though the issues sound troubling as posited, we see no factual basis for them in the record.

[6] *See Staub v. Proctor Hosp.*, 562 U.S. 411 (2011) (discussing the cat's paw theory of liability in a discrimination case). Holt cites to the record to show he objected to the jury instruction. *See* Holt's Br. at 20 (citing JA301). But this page of the record references neither the cat's paw nor the *Staub* case name. Nor is there any mention of it in the ensuing discussion of the jury charge.

In his motion for a new trial, Holt argued that the District Court erred by allowing the PSP to introduce evidence supporting a new affirmative defense, i.e., causation. There, and here again, Holt contends that, by allowing this evidence regarding causation, the District Court effectively conflated liability and damages. Holt protests this because, according to him, "the issue of causation was tried, estopped or waived, and if not, barred by latches [sic]." Holt's Br. at 11. We review a trial court's rulings concerning the admissibility of evidence for an abuse of discretion. *See Glass v. Phila. Elec. Co.*, 34 F.3d 188, 191 (3d Cir. 1994).

There is no merit to this argument despite its many iterations in Holt's opening brief. Title VII's "antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2013). Thus, in a retrial of a retaliation claim that is limited to damages, in order to receive compensation, Holt had to demonstrate that the harm he sustained was attributable to the retaliatory conduct of Captain Johnson and the PSP was free to show otherwise. *See id.* at 68-70 (explaining that plaintiff must show that the retaliation was "materially adverse" in that it might dissuade a reasonable worker from engaging in protected activity and noting that this standard will distinguish between significant harms and "trivial

7

conduct"). Therefore, admission of PSP's evidence rebutting Holt's contention that Johnson's retaliatory conduct caused compensable harm was not improper.[7]

IV.

Holt also contends that the District Court erred in its jury instructions because the "[j]ury was misled by the charge that it could evaluate other causes for damages, other than the proven discrimination as the cause for damages." Holt's Br. at 21. "We exercise plenary review to determine whether the District Court's jury instructions misstated [the] law." *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 361 (3d Cir. 1999); *see also Woodson v. Scott Paper Co.,* 109 F.3d 913, 929 (3d Cir. 1997). Absent a misstatement, our review of the District Court's decisions regarding jury instructions is for an abuse of discretion. *Greenleaf*, 174 F.3d at 361.

We conclude that the District Court's charge to the jury was appropriate. Although Holt repeatedly contends he is entitled to damages for the discriminatory conduct of Captain Johnson, *see* Holt's Br. at 11, 21-23, Holt is wrong. The District Court's decision to grant judgment as a matter of law on that discrimination claim was affirmed by this Court in Holt's earlier appeal. *Holt*, 683 F. App'x at 155-56. Thus, Holt was entitled to damages on only the retaliatory conduct of Captain

---

[7] Holt argues that Federal Rules of Civil Procedure 8 and 12 prevent the PSP from raising a new defense. Holt's Br. at 10, 18, 19. Rule 12 concerns motions by the defense to a plaintiff's complaint, and Rule 8 governs pleadings. Contrary to Holt's belief, neither of these rules govern the admission of evidence at trial.

Johnson that caused him to sustain compensable harm, and the jury was appropriately instructed as to how to decide that issue.

V.

Holt's post-trial motion sought a new trial, but did not assert that the verdict was against the weight of the evidence. Nonetheless, the District Court distilled the following issue: "Whether the $2,700 jury award was against the weight of the evidence or otherwise unreasonable as a matter of law." JA17. The Court answered this question in the negative. We agree.

The District Court appropriately considered our instruction in *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991), that a jury verdict may be overturned on the basis that it is against the weight of the evidence "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks the conscience." While Holt is disappointed with the jury's award - - perhaps even personally "shock[ed]" - - the record fails to establish that there was a miscarriage of justice, nor does it "cr[y] out" for the verdict to be overturned. *Id.* The jury was properly instructed that it could address both the intangible aspects of harm that Holt sustained, such as Holt's mental anguish, his pain and suffering, as well as his actual monetary loss. There is no basis for concluding that the verdict is against the weight of the evidence.

9

## VI.

Because the issues Holt raises on appeal were either waived, forfeited, or without merit, we will affirm the judgment of the District Court.